## COMMONWEALTH *vs.* MARTIN GRIMES.

An indictment for stealing bank bills sufficiently describes them as "sundry bank bills, of some banks respectively to the said jurors unknown, of the amount and value in all of thirty eight dollars, of the property, goods and chattels" of a person named.

INDICTMENT for stealing " sundry bank bills, of some ,banks respectively to the said jurors unknown, of the amount and value in all of thirty eight dollars, of the property, goods and chattels of one James Gallagher, in his possession then and there being."

After trial and conviction in the municipal court of Boston at January term 1858, the defendant moved in arrest of judgment, " because there was no sufficient allegation in the indictment as to the denomination and number of the bank bills, and no sufficient description of the offence." *Huntington,* J. overruled the motion, and reported the case to this court.

*J. H. Bradley,* for the defendant, cited Declaration of Rights, art. 12; *Commonwealth* v. *Sawtell,* 11 Cush. 142; *Commonwealth* v. *Maxwell,* 2 Pick. 139; *Stewart* v. *Commonwealth,* 4 S. & R. 194; *Low* v. *People,* 2 Parker C. C. 39; Archb. Crim. Pl. (10th ed.) 45–48; 2 Russell on Crimes (7th Amer. ed.) 107, 111.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

DEWEY, J. This indictment, it is contended on the part of the defendant, is defective in not setting forth the number of bank bills stolen, nor the value or denomination of each particular bill.

In larceny of silver coins, the general form of charging the offence as a larceny of " sundry pieces of silver coin, amounting together to the sum of twenty dollars," without describing each piece of coin, has been long pra 't'sed, and sanctioned by this court. In the case of bank bills, it has been considered more questionable, and they have been usually described more particularly as to the number and denomination of the bills. Whether the general form of description adopted in the present case would be held bad on a motion in arrest of judgment, was

somewhat considered in the case of *Larned* v. *Commonwealth*, 12 Met. 240, but was not decided, the case not requiring it.

The same reasons exist for such general description of bank bills, as of coin. When taken from one holding them as currency for daily use, and when composed, as they may be, of all the smaller denominations of bills, it would be as difficult to describe the number of bills taken, or their denominational value, as it would be in a case for larceny of silver coin. To meet such necessity great latitude has been allowed in describing the particular coin, and we think a similar rule may be applied to an indictment for larceny of bank bills.

The amount of the bills is here alleged, as is also the value, thus showing the amount of property alleged to have been stolen.

The grounds of objection to this form of indictment are, that it does not sufficiently apprise the party of the precise offence with which he is charged, and also that it is not sufficiently particular to enable him to plead the judgment in this case in bar of a subsequent indictment for the same offence. But these might equally exist under an indictment alleging the number of bank bills stolen, as the indictment might well be sustained, though the proof showed a less amount to have been stolen. In many cases, to identify the larceny charged in a former indictment, you must resort to oral evidence. To give effect to this mode of charging the offence would leave the defendant under no greater embarrassment as to the precise offence charged, or less opportunity to plead a former conviction or acquittal in bar, than arises in many other cases where offences are held to be legally charged, although in general terms, or where the precise allegations need not be proved.

In the opinion of the court the offence is here sufficiently charged, and the motion in arrest of judgment must be overruled. See *Commonwealth* v. *Stebbins*, 8 Gray, 492.

*Motion overruled*